United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA TERRELL, | No. C-10-01080-CW (DMR) |
| Plaintiff, | **ORDER RE DEFENDANTS' MOTION FOR RULE 35 EXAMS, PRODUCTION OF RECORDS, AND FURTHER DEPOSITION OF PLAINTIFF** |
| v. | |
| HARDER MECHANICAL CONTRACTORS INC ET AL, | |
| Defendants. _____/ | |

On January 5, 2011, the parties submitted a joint letter brief regarding Defendants Flour Construction International, Inc. and Gene Arceneaux' Motion for Rule 35 mental and physical exams, production of further psychological and medical records, and for further deposition of Plaintiff. *See* Docket No. 57. The Court conducted a telephonic hearing on January 19, 2011, during which the parties were given an opportunity to present their arguments.

This Order summarizes the rulings made by the Court on the record during the January 19, 2011 hearing.

I.     FEDERAL RULE OF CIVIL PROCEDURE 35 MENTAL EXAM

Plaintiff's counsel confirmed that Plaintiff intends to present expert testimony at trial regarding her claim for emotional distress, and also that Plaintiff alleges specific mental or psychological injury as a result of the conduct at issue. For these reasons, the Court finds that

1 Plaintiff has placed her mental condition in controversy, and Defendants have shown good cause for
2 a Rule 35 mental exam by a suitably licensed or certified examiner.  *See Ford v. Contra Costa*
3 *County*, 179 F.R.D. 579 (N.D.Cal. 1998).  The exam shall not exceed five (5) hours.  Plaintiff may
4 elect to either tape record the exam, or bring a non-lawyer support person to observe, but not
5 participate in the exam.  Defendants shall comply fully with Federal Rule of Civil Procedure
6 35(2)(B).

7       II.     FEDERAL RULE OF CIVIL PROCEDURE 35 PHYSICAL EXAM

8       Plaintiff's counsel confirmed that Plaintiff alleges a physical injury to her breast as a result of
9 the conduct at issue in this case.  For this reason, the Court finds that Plaintiff has placed the
10 physical condition of her breast in controversy, and Defendants have shown good cause for a Rule
11 35 physical exam by a suitably licensed or certified examiner.  Plaintiff argues that, due to the
12 passage of time, the examiner is unlikely to find any objective abnormality or condition resulting
13 from the alleged injury to Plaintiff's right breast that occurred in 2009.  However, since Plaintiff
14 argues continuing physical injury and pain, Defendants should be given a reasonable opportunity to
15 determine whether there are other causes.  The physical exam shall not exceed fifteen (15) minutes,
16 and may include an examination of both breasts for comparative purposes.  Plaintiff may elect to
17 either tape record the exam, or bring a non-lawyer support person to observe, but not participate in
18 the exam.  Defendants shall comply fully with Federal Rule of Civil Procedure 35(2)(B).

19       III.     FURTHER PRODUCTION OF REDACTED PSYCHOLOGICAL/PSYCHIATRIC RECORDS

20 Plaintiff redacted 10 out of 50 pages of psychological/psychiatric records.  Although the
21 Court does not normally order *in camera* review as a routine matter of course, the Court finds that *in*
22 *camera* production is appropriate here, given the unique nature of the documents described by both
23 counsel.  By no later than 10:00 a.m. on January 24, 2011, Plaintiff's counsel shall deliver an
24 unredacted and redacted version of the documents in question to the Clerk's Office at the Oakland
25 federal courthouse in an envelope with the case name and title, addressed to Judge Ryu, and clearly
26 marked "Confidential."  The Court shall review the records and issue a supplemental order.

IV. FURTHER PRODUCTION OF REDACTED AND WITHHELD MEDICAL RECORDS

Plaintiff redacted 3 pages of medical records, and also withheld approximately 75 medical records. Plaintiff's counsel shall unredact and produce all medical records containing information relating to the allegations in this case, as follows: Plaintiff must produce all medical records that reasonably include physical complaints or conditions for which Plaintiff has claimed the same or similar symptomology claimed in this case. For example, if Plaintiff alleges sleeplessness as an element of her emotional distress in this claim, Plaintiff shall produce medical records regarding conditions or complaints for which she has reported sleeplessness as a symptom.

Plaintiff shall produce all such medical records to Defendants no later than January 24, 2011.

V. FURTHER DEPOSITION OF PLAINTIFF

Plaintiff has been deposed for approximately ten (10) hours. Because medical and psychological records were produced shortly before the last session of the deposition, and more are to be produced soon, the Court finds good cause for Plaintiff to submit to no more than one (1) additional hour of deposition. Questioning shall be confined to the medical, psychological and psychiatric records. Defendants shall not inquire into Plaintiff's sexual history, predisposition, behavior, conduct or sexually transmitted diseases. If Defendants have not already done so, Defendants may inquire as to whether Plaintiff is claiming that her injuries include an impact on her sexual relations with her husband. If Plaintiff answers in the affirmative, Defendants may ask questions reasonably related to that claim.

IT IS SO ORDERED.

Dated: January 19, 2011



DONNA M. RYU
United States Magistrate Judge