United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA TERRELL, | No. C-10-01080 CW (DMR) |
| Plaintiff, | **ORDER REGARDING MARCH 21, 2011 JOINT DISCOVERY LETTER** |
| v. | |
| HARDER MECHANICAL CONTRACTORS INC ET AL, | |
| Defendants. | |
| _____/ | |

## I.  INTRODUCTION

Before the Court is the parties' March 21, 2011 joint discovery letter setting forth the parties' dispute regarding Defendant Harder Mechanical Contractor, Inc.'s request for its own Federal Rule of Civil Procedure 35 psychological exam of Plaintiff Linda Terrell.  *See* Docket No. 82.  On March 23, 2011, the Court ordered the parties to submit further briefing on the dispute, which the parties filed on March 31, 2011.  *See* Docket Nos. 83 & 85.  The Court conducted a hearing on April 7, 2011, during which the parties were given an opportunity to present their arguments.  This Order summarizes the rulings made by the Court on the record during the April 7, 2011 hearing.

## II.  BACKGROUND

In March 2010, Plaintiff Linda Terrell filed a complaint against Defendants Fluor Constructors International, Inc. ("FCII"), Gene Arceneaux, and Harder Mechanical Contractors, Inc. ("Harder") alleging claims of sexual harassment and sex discrimination stemming from her employment as a laborer at an oil refinery jobsite. Plaintiff alleges that during her employment, Defendant Arceneaux, an FCII supervisor, made offensive remarks and sexual advances toward her and physically attacked her. Plaintiff brought suit against Arceneaux and FCII, Arceneaux' employer and the general contractor on the jobsite, as well as against her employer Harder, which was FCII's subcontractor. Plaintiff seeks, *inter alia*, damages for emotional distress. In May 2010, Defendant Harder filed a cross-claim against Defendants FCII and Arceneaux. *See* Docket No. 10.

In December 2010, Defendants FCII and Arceneaux jointly filed a motion to compel Plaintiff to submit to a mental examination pursuant to Federal Rule of Civil Procedure 35. *See* Docket No. 46. Pursuant to this Court's December 21, 2010 Order, Defendants FCII and Arceneaux and Plaintiff subsequently submitted a joint discovery letter regarding Defendants' request for a Rule 35 mental exam and other discovery disputes. *See* Docket Nos. 56 & 57. Defendant Harder admits that it could have filed its own motion for a separate mental exam of Plaintiff and/or joined in Defendants FCII and Arceneaux' motion for a Rule 35 mental exam at that time, but states that it elected not to participate in the proceedings "as it believed that it would be able to share experts with FCII and split the costs of retaining such expert." Docket No. 82 at 2.

Following a telephonic hearing on the joint discovery letter submitted by Plaintiff and Defendants FCII and Arceneaux, the Court concluded that Plaintiff had placed her mental condition in controversy and that there was good cause for a Rule 35 mental exam. On January 19, 2011, the Court issued an order granting Defendants FCII and Arceneaux' request for a mental exam with certain limitations, including limiting the length of the exam to no more than five hours and permitting Plaintiff to either tape record the exam or bring a non-lawyer support person to observe the exam.[1] *See* Docket No. 68.

---

[1] After the Court issued the order, Defendants FCII and Arceneaux and Plaintiff continued to meet and confer regarding the specifics of Plaintiff's mental exam. Plaintiff ultimately agreed to provide Defendants FCII and Arceneaux with an additional two hours of exam time, for a total of seven hours split between two experts, a psychologist and psychiatrist, so that the psychological

2

Now before the Court is the parties' joint discovery letter regarding Defendant Harder's request that Plaintiff be ordered to submit to another Rule 35 mental exam, separate and independent from the exam to be conducted by Defendants FCII and Arceneaux's experts. *See* Docket No. 82. According to Defendant Harder, its cross-claim against Defendants FCII and Arceneaux has created a conflict of interest which precludes all three Defendants from sharing experts; therefore, in order to defend itself against Plaintiff's claims, Plaintiff should be required to undergo an additional mental exam with Harder's own expert.

### III. DISCUSSION

Federal Rule of Civil Procedure 35 provides that, for good cause shown, the court "may order a party whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a). Here, there is no dispute that Plaintiff's mental condition is in controversy. However, the parties disagree whether Defendant Harder has shown good cause for an additional mental exam.

The language of Rule 35 "does not limit the number of examinations." *Peters v. Nelson*, 153 F.R.D. 635, 637 (N.D. Iowa 1994). "Each request for an independent medical examination must turn on its own facts, and the number of examinations to which a party may be subjected depends solely upon the circumstances of the underlying request." *Id.* "Even when an examination has been previously ordered in the same case, a subsequent examination may be ordered if the court deems it necessary." *Id.* at 637-38 (citing *Lewis v. Neighbors Constr. Co., Inc.*, 49 F.R.D. 308, 309 (W.D. Mo. 1969)). A second examination may be ordered where the first examination was not adequate or complete. *Id.* However, the requesting party must meet a stronger showing of necessity before the court will order a second exam. *See Edson v. Liberty Mutual Ins. Co.*, No. C01-3128-SBA, 2002 WL 31946902, *1 (N.D. Cal. Oct. 4, 2002) (citing *Volpelak v. Williams*, 42 F.R.D. 387, 389 (N.D. Ohio 1967)); *Alhozbur v. McHugh*, No. C09-1576-JW, 2010 WL 2758725, *1 (N.D. Cal. July 13, 2010). "[T]he number of examinations ordered should be held to the minimum necessary

---

expert may orally conduct examinations that are typically administered in writing. Plaintiff also agreed to appear for the mental exam without a support person present on the condition that the exam is tape recorded. Docket No. 82 at 5.

3

1 considering the party's right to privacy and the need for the court to have accurate information."
2 *Shirsat v. Mutual Pharm. Co., Inc*., 169 F.R.D. 68, 72 (E.D. Penn. 1996) (citing *Schlagenhauf v.*
3 *Holder*, 321 F.2d 43, 51 (7th Cir. 1963), *vacated on other grounds*, 379 U.S. 104 (1964)). The
4 decision whether to allow a proposed examination rests within the broad discretion of the court.
5 *Lester v. Mineta*, No. C04-03074-SI, 2006 WL 3741949, *1 (N.D. Cal. Dec.19, 2006).

Defendant Harder argues that good cause supports its request that Plaintiff be required to undergo an additional mental exam with its own expert, because it will be prejudiced if it is forced to rely on information obtained by the experts retained by Defendants FCII and Arceneaux, "whose interests are admittedly not aligned with Harder's" in light of its cross-claim. Docket No. 82 at 2-3. Further, Harder argues that any report generated by its expert based solely on information obtained by Defendants FCII and Arceneaux' experts would be subject to attack by Plaintiff on the grounds that the expert did not personally examine Plaintiff.

Defendants FCII and Arceneaux do not object to Harder's request for a separate Rule 35 mental exam of Plaintiff, and argue that separate examinations by separately-retained experts are appropriate and necessary in this matter given that their interests are adverse to Defendant Harder's in light of its cross-claim. They also reject the possibility of sharing experts with Harder. FCII and Arceneaux point to recent amendments to Federal Rule of Civil Procedure 26(b)(4)(C)[2] that expand the protection afforded to communications between counsel and their testifying experts to argue that they must be able to freely communicate with their expert in order to assist them in defending against both Plaintiff's and Harder's claims. According to FCII and Arceneaux, sharing an expert would render it impossible for the expert "to confidentially, competently, or ethically advise" the three Defendants, given that they are "in direct conflict with one another." Docket No. 82 at 6-7.

---

[2] Federal Rule of Civil Procedure 26(b)(3)(A) and (B) shield communications between a party's lawyer and an expert witness who is required to prepare a report by Rule 26(a)(2)(B). The rule protects those communications, regardless of form, except to the extent they: (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided to the expert and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided to the expert and that the expert relied on in forming the opinions to be expressed. Fed. R. Civ. Proc. 26(b)(4)(C).

1  Plaintiff opposes Defendant Harder's request, arguing that Harder's belated[3] demand for an
2  additional Rule 35 exam is not supported by good cause. Plaintiff argues that the subject of the Rule
3  35 mental exam -- her emotional distress -- has no bearing on the conflict of interest between the
4  three Defendants, which is based upon the employment relationship between FCII and Harder.
5  Instead of being required to undergo an additional exam, Plaintiff proposes that Defendants share
6  examining experts, or in the alternative, that Defendant Harder's expert attend and/or participate in
7  the exam conducted by Defendants FCII and Arceneaux' experts.
8  Defendants' arguments that Plaintiff should be required to undergo an additional mental
9  exam due to the conflict of interest between them are unpersuasive. The conflict between
10 defendants in this case is based upon the relationship between FCII and Harder, i.e. whether Harder,
11 Plaintiff's employer, should be accountable for alleged harassment of Plaintiff by Arceneaux, who
12 was employed by FCII. The subject or results of Plaintiff's mental exam has little if any bearing on
13 this conflict. In this way, this situation is different from *Guillie v. Pontchartrain Materials Corp.,*
14 *LLC*, No. 04-0593, 2004 WL 2193823, *5-7 (E.D. La. Sept. 23, 2004). In *Guillie*, the plaintiff had
15 been injured while working on or near two boats. The court found good cause to permit each co-
16 defendant boat owner to conduct its own physical exam of the plaintiff. However, the dispute
17 between the defendants was about whether the plaintiff had been injured in a pulling accident on one
18 boat or in a slipping accident on the other. In other words, the medical exams in that instance were

---

[3] Regarding the timing of its request, Defendant Harder acknowledges that the Court has already conducted proceedings on the issue of whether Plaintiff should be compelled to submit to a Rule 35 mental exam, but in the joint discovery letter somewhat disingenuously claims that it "was not invited to participate in" the hearing conducted on the first motion, and "was not otherwise advised that the purpose of that [hearing] was to decide FCII's motion to compel" the mental examination of Plaintiff. Docket No. 82 at 2. Given that this case is subject to electronic filing, all parties receive immediate notice of any activity in the case, whether by the Court or by the parties, and Defendant Harder was served with the Court's January 12, 2011 order setting a telephonic hearing on Defendant FCII and Arceneaux' dispute with Plaintiff over a Rule 35 mental exam. *See* Docket No. 64.

Although Defendant Harder's cross-claim was filed in May 2010, counsel for Harder admitted at the hearing on this matter that Defendants Harder, FCII, and Arceneaux did not actually discuss sharing experts until sometime in January 2011, *after* the Court had ruled on the original Rule 35 request. Up to that point, Harder has assumed it could share an expert with the other defendants. FCII and Arceneaux took the position that it could not share a mental health expert with Harder because Harder had cross-claimed against them.

5

1  aimed at determining which boat caused plaintiff's physical injuries.  A medical exam of the
2  plaintiff was therefore directly relevant to the dispute, and the direct conflict between the defendants
3  as to the *subject* of the exam justified two separate exams.  Here, the link between Plaintiff's mental
4  exam and Defendants' conflict is tenuous at best.

5  While the Court acknowledges Rule 26(b)(4)(C)'s recently expanded protection of
6  communications between counsel and testifying experts, such protection does not support the
7  conclusion that every defendant in a multi-defendant case is automatically entitled to a separate
8  mental exam.  Defendants FCII and Arceneaux' position seems to be that in a case involving five
9  separate defendants with different interests, a plaintiff claiming emotional distress would be required
10 to undergo five separate Rule 35 exams.  This result is both untenable and inconsistent with the
11 principle of proportionality in discovery that is also found in Rule 26.  *See* Fed. R. Civ. Proc.
12 26(b)(2)(C)(i) (a court must limit discovery if it determines that "the discovery sought is
13 unreasonably cumulative or duplicative, or can be obtained from some other source that is more
14 convenient, less burdensome, or less expensive.").

15 Balancing the burden of a second mental exam on Plaintiff with Defendant Harder's need for
16 information with which it may defend itself, and taking into account the principle that a stronger
17 showing of necessity is required before the Court may order a second Rule 35 exam, the Court
18 concludes that good cause does not exist to support an additional mental exam of Plaintiff at this
19 time.  However, the Court acknowledges Defendant Harder's right to develop its own expert
20 testimony about Plaintiff's emotional distress, and therefore orders the following: within five days of
21 the completion of each portion of Plaintiff's exam by Defendants FCII and Arceneaux' experts,
22 Plaintiff shall provide a copy of the audiotape recording of the exam to Defendant Harder.  By no
23 later than April 15, 2011, Defendants FCII and Arceneaux shall provide to all parties their experts'
24 reports, along with any test instruments, facts or data that the experts considered and assumptions
25 that the experts relied on in forming their opinions, and any other information related to the exam
26 that is discoverable pursuant to Rule 26 and Rule 35.  Defendant Harder's expert may then form his
27 or her own opinion about Plaintiff's emotional distress based upon the foregoing materials.  Given
28 that Plaintiff has objected to undergoing an additional mental exam by Harder's expert, Plaintiff's

counsel has agreed that Plaintiff waives the right to object to or attack any report produced by Harder's expert on the grounds that the expert did not personally examine Plaintiff.

Finally, although the Court does not presently find that good cause supports an additional mental exam of Plaintiff by Defendant Harder's expert, Harder's request is denied without prejudice. Defendant Harder retains the right to move for an additional Rule 35 mental exam by its own expert if after reviewing FCII/Arceneaux' experts' materials, Harder can make a particularized showing of how Harder will be prejudiced if it is not able to conduct its own exam of Plaintiff.

IT IS SO ORDERED.

Dated: April 19, 2011



DONNA M. RYU
United States Magistrate Judge